THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANTHONY JEANTY,**               Case Number:

    **Plaintiff,**

v.

**HILLSBOROUGH COUNTY,**
**A political subdivision of the State of Florida,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Anthony Jeanty, is employed by Hillsborough County, Defendant, and brings this action for disability discrimination under Americans with Disabilities Act and its amendments ("ADA").

2. Defendant is an employer as defined by the ADA and employs more than 15 people.

3. Plaintiff is a qualified male with a disability who has been employed by Defendant since 1998.

4. Plaintiff works in Defendant's Public Utilities Department as a utilities maintenance operator.

5. Defendant is a Florida political subdivision.

1

6. The amount in controversy in this action exceeds $135,000.00, exclusive of attorney's fees, interest, and costs.

7. Plaintiff is a qualified individual with a disability. Specifically, Plaintiff suffers from partial paralysis of his right hand.

8. Plaintiff's disability impacts his ability to perform major life functions such as lifting, pushing, squeezing, and pulling.

9. After Plaintiff was hired and working for Defendant, Plaintiff consulted with his physician to determine an accommodation that would allow him to perform his job duties.

10. In 2015, Plaintiff, along with recommendations from his physician, requested several work accommodations based on his disability including no lifting over 50 pounds and no repetitive use of right hand.

11. Defendant granted Plaintiff's request for reasonable accommodations.

12. Plaintiff was capable of performing all essential functions of his job with the accommodations. Indeed, Plaintiff remains employed in good standing at the time of the filing of this action.

13. After Plaintiff made Defendant aware of his disability and need for accommodation in 2015, Defendant began discriminating against Plaintiff on the basis of his disability.

14. Prior to Plaintiff disclosing his disability to Defendant and requesting a reasonable accommodation, Defendant allowed Plaintiff to work overtime to earn extra income.

15. However, after Plaintiff disclosed his disability to Defendant and requested a reasonable accommodation, Defendant prevented and prohibited Plaintiff from working overtime and earning additional income.

16. Approximately 50% of Plaintiff's income from Defendant is derived from overtime hours.

17. Defendant's refusal to allow Plaintiff to work overtime because of his disability directly resulted in a 50% reduction of Plaintiff's earnings.

18. Defendant told Plaintiff that he was not allowed to work overtime assignments because he has a disability and requested a reasonable accommodation.

19. Other employees, who did not have disabilities and had not requested a reasonable accommodation, employed in the same capacity as Plaintiff were allowed to work overtime assignments and earn additional income.

20. Defendant treated Plaintiff in a disparate manner as compared to other utilities maintenance operators because Plaintiff was not allowed to work overtime assignments because of his disability and non-disabled utilities maintenance workers were allowed to work overtime assignments.

21. Preventing Plaintiff from working overtime assignments was a significant change to the privileges and benefits of Plaintiff's position with Defendant because approximately 50% of Plaintiff's income comes from overtime wages.

22. Defendant's explanation as to why Plaintiff was prohibited from working overtime is patently discriminatory on its face. Defendant prevented Plaintiff from working overtime because he is a disabled man who needed workplace accommodations.

23. Despite the fact that Plaintiff is disabled, he has the right to be treated in the same manner as non-disabled individuals employed in the same capacity as Plaintiff because he is qualified to perform the essential functions of the job.

24. The ADA prevents employers from discriminating against qualified individuals with disabilities because of their disability.

25. Plaintiff filed a charge of discrimination with the EEOC alleging disability discrimination.

26. The EEOC investigated Plaintiff's charge and entered a for cause finding.

27. Plaintiff received his notice of right to sue on December 16, 2021.

28. Less than 90 days have passed since Plaintiff received his notice of right to sue.

## COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF FLORIDA'S CIVIL RIGHTS ACT

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

30. Plaintiff is a qualified male with a disability.

31. Plaintiff is able to perform the essential functions of his job with a reasonable accommodation and has been doing so since 2015.

32. Plaintiff is employed by Defendant as a utilities maintenance operator.

33. During his employment with Defendant, Plaintiff was discriminated against by Defendant on the basis of his disability.

34. In 2015, Plaintiff informed Defendant of his disability and made a request for a reasonable accommodation.

35. Thereafter, Defendant prohibited and prevented Plaintiff from working overtime assignments because Plaintiff has a disability and needs an accommodation.

36. Defendant's refusal to allow Plaintiff to work overtime assignments was an adverse action is it caused a 50% reduction in Plaintiff's annual earnings.

37. Defendant allowed non-disabled utilities maintenance operators to work overtime assignments.

38. But for Defendant's refusal to allow Plaintiff to work overtime assignments, Plaintiff's income would not have been reduced by 50%.

39. Defendant did not have any legitimate reason for preventing Plaintiff from working overtime assignments. Defendant had overtime assignments available but refused to allow Plaintiff to work the overtime assignments.

40. Plaintiff was financially and emotionally damaged by Defendant's refusal to allow Plaintiff to work overtime assignments.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited back pay, compensatory damages, and punitive damages, together with costs and attorney's fees pursuant to ADA, and such other further relief as this Court deems just and proper.

DATED this 14TH DAY OF March, 2022

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com